**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Camara Sankoumba Tawel,<br>Petitioner,<br>v.<br>Eric Rokosky,<br>Respondent. | No. CV-26-04986-PHX-KML<br>**ORDER** |

This court previously granted in part an immigration habeas petition filed by petitioner Camara Sankoumba Tawel, ordering that he be given a bond hearing. *See Sankoumba Tawel Camara v. Rokosky et al.*, 2:26-cv-01594-KML-JFM, Doc. 9 (D. Ariz. May 5, 2026). After the immigration judge ("IJ") denied bond, Tawel filed a second habeas petition arguing his detention has become prolonged and he was taken into immigration custody in violation of the Fifth Amendment. (Doc. 1 at 4-6.) Respondents filed a response arguing bond was properly denied and Tawel was taken into custody because he violated the terms of his immigration release order when he was arrested for Aggravated DUI for wrong-way driving. (Doc. 7.) Because Tawel has not met his burden of showing he is entitled to a writ of habeas corpus, the petition is denied. *See Lambert v. Blodgett*, 393 F.3d 943, 969 n.16 (9th Cir. 2004) ("In . . . federal habeas proceedings, it is the petitioner who bears the burden of proving his case.").

Tawel's first ground for habeas relief argues he was illegally arrested by ICE agents when he had not been "arrested, charged, or convicted" of any crimes. (Doc. 1 at 5.)

Respondents provided evidence Tawel was taken into custody for violating the terms of his immigration release order after being charged in Maricopa County with Aggravated DUI – Wrong Way Driving. (Docs. 7 at 2; 7-3 at 2; 7-4 at 3.) Tawel's reply argues he was wrong-way driving because he was following his GPS. (Doc. 11 at 1.) Tawel cannot collaterally attack the facts underlying his state-court arrest in this habeas proceeding as he attempts to do. *See Al-Najar v. Mukasey*, 515 F.3d 708, 714-15 (6th Cir. 2008) (collecting cases holding that alien petitioners may not collaterally attack criminal convictions through habeas petitions challenging their immigration proceedings).

Tawel next argues his detention is prolonged because it has surpassed six months, the IJ denied him bond, and he needs to work to pay a lawyer for his immigration appeal. (Doc. 1 at 4, 6.) First, because Tawel's removal order has not yet become final, *Zadvydas*'s framework for evaluating detention after six months does not apply. *See Zadvydas v. Davis*, 533 U.S. 678 (2001); *Demore v. Kim*, 538 U.S. 510, 527-28 (2003). Tawel has received a bond hearing determining whether bail is appropriate in his situation, which is the usual remedy for substantive due process claims based on prolonged detention. *See Padilla v. United States Immigr. & Customs Enf't*, --- F.4th ----, 2026 WL 2822044, at *18 (9th Cir. 2026) (describing the "long history" of substantive due process limitations on the government's ability to detain people, including "the widespread availability of bail" and "the widespread availability of bail" and "judicial review of the legality of confinement"). And Tawel's request that this court "handle[ ] [his] case" because the IJ incorrectly denied bond despite him being a "good person" who has "never pose[d] danger to the community" essentially asks this court to reweigh the factors underlying the IJ's decision. (Docs. 1 at 5; 11 at 2.) It cannot do so. *See Martinez v. Clark*, 124 F.4th 775, 785 (9th Cir. 2024) (in the context of a dangerousness determination, federal courts "cannot reweigh evidence" and "can only determine whether the [immigration court] applied the correct legal standard") (simplified). Although the court *could* review questions of law related to the bond decision, there are no "red flags" in the IJ's ruling so he is "take[n] . . . at [his] word." *Id*. at 785.

Accordingly,

**IT IS ORDERED**:

(1) Petitioner's motion for ruling (Doc. 12) is **granted**.

(2) Petitioner's Petition for a Writ of Habeas Corpus (Doc. 1) is **denied**. The Clerk of Court must enter judgment in Respondents' favor and close this case.

Dated this 5th day of October, 2026.

**Honorable Krissa M. Lanham**
**United States District Judge**